IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| CHERYL HILTON GLOSTER, : | |
| : | |
| Plaintiff, : | |
| : | |
| vs. : | Civil Action No. |
| : | **7:04-CV-143 (RLH)** |
| JO ANNE B. BARNHART, : | |
| Commissioner of Social Security, : | |
| : | |
| Defendant. : | |

# ORDER

The plaintiff herein filed an application for a period of disability, Disability Insurance benefits and Supplemental Security Income benefits on January 10, 2000. Plaintiff claims were denied initially, upon reconsideration, and then by decision of an ALJ dated October 22, 2002. Plaintiff requested review of the ALJ decision by the Appeals Council, and on June 27, 2003, the Appeals Council granted plaintiff's request for review and remanded the case for further administrative proceedings. A supplemental hearing was held on June 9, 2004, and on June 24, 2004, the ALJ issued the final decision finding plaintiff was not disabled for the entire period at issue. The Appeals Council affirmed the ALJ's decision, making it the final decision of the Commissioner.  The plaintiff subsequently filed an appeal to this court.  Jurisdiction arises under 42 U.S.C. § 405(g).  All administrative remedies have been exhausted.  Both parties have consented to the United States Magistrate Judge conducting any and all proceedings herein, including but not limited to the ordering of the entry of judgment.  The parties may appeal from this judgment, as permitted by law, directly to the Eleventh Circuit Court of Appeals.  28 U.S.C.

§ 636(c)(3).

DISCUSSION

In reviewing the final decision of the Commissioner, this court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence.  Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).  The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue.  Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Richardson v. Perales, 402 U.S. 389, 401 (1971).  In reviewing the ALJ's decision for support by substantial evidence, this court may not re-weigh the evidence or substitute its judgment for that of the Commissioner.  "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence."  Bloodsworth, 703 F.2d at 1239.  "In contrast, the [Commissioners'] conclusions of law are not presumed valid....The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal."  Cornelius, 936 F.2d at 1145-1146.

20 C.F.R. § 404.1520 (1985) provides for a sequential evaluation process to determine whether a claimant is entitled to Social Security disability benefits.  The Secretary employs the following step-by-step analysis in evaluating a claimant's disability claims:  (1) whether the claimant is engaged in gainful employment;  (2) whether claimant suffers from a severe impairment which has lasted or can be expected to last for a continuous period of at least twelve

months;  (3) whether claimant suffers from any of the impairments set forth in the listings of impairments provided in Appendix 1;  (4) whether the impairments prevent claimant from returning to his previous work;  and (5) whether claimant is disabled in light of age, education, and residual functional capacity.  Ambers v. Heckler, 736 F.2d 1467, 1470-71 (11th Cir.1984).  Should a person be determined disabled or not disabled at any stage of the above analysis, further inquiry pursuant to the analysis ceases. Accordingly, if a claimant's condition meets an impairment set forth in the listings, the claimant is adjudged disabled without considering age, education, and work experience.  20 C.F.R. § 404.1520(d).

The ALJ concluded that plaintiff had "severe" impairments of obesity; major depressive disorder, moderate, recurrent; degenerative disc disease at L5-S1, L3-4, and L4-5; arthritis in right ankle, status post fracture, status-post open reduction internal fixation, and status-post hardware removal, but that she was not disabled.  The ALJ concluded that plaintiff retained the residual functional capacity to perform a reduced range of light work

*1. Obesity*

Plaintiff contends that the ALJ failed to fully consider plaintiff's obesity in determining her residual functional capacity.

Social Security Ruling 02-1p requires the Commissioner to consider obesity at each step of the five-step evaluation process.  Here, the ALJ considered plaintiff's obesity to be a "severe" impairment.  He took into account plaintiff's obesity in assessing her residual functional capacity.  Specifically, the ALJ considered at length the findings of Dr. Lee, who did state that plaintiff's obesity was a factor in her ability to perform work-related activity.  (Tr. 27-28, 193-95).  Morbid obesity was listed as a condition that caused plaintiff to be able to lift only 20

pounds and to have unspecified standing and walking restrictions, and as a condition that limited plaintiff's ability to engage in postural maneuvers. (Tr. 193-194).

*2. "Severe" Impairments*

Plaintiff contends that the ALJ erred in failing to find that her status post pacemaker and her sick-sinus syndrome were not "severe" impairments.

"The 'severity' of a medically ascertained disability must be measured in terms of its effect upon the ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality." McCruter v. Brown, 791 F.2d 1544, 1547 (11th Cir. 1986).

The ALJ did take into account plaintiff's need to avoid frequent exposure to temperature extremes. (Tr. 27, 30). However, plaintiff does not point out any opinion from a medical source in the record that placed greater functional limitations on plaintiff because of either her pacemaker or her sick-sinus syndrome than the ALJ found.

Moreover, the ALJ did discuss the medical evidence relative to these two impairments, noting that an echocardiogram in September 2003 was essentially normal, showing only mild tricuspid sclerosis with moderate regurgitation and borderline mild pulmonary artery hypertension, ejection fraction of 55% with normal left ventricular systolic and diastolic function. Additionally, a cardolite myocardial perfusion scan showed no ischemia and normal left ventricular systolic function with an ejection fraction of 64%. (Tr. 26).

*3. Credibility*

Plaintiff states the ALJ erred in concluding that her subjective complaints of disabling symptoms were not credible to the extent alleged. Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir.1991), requires that an ALJ apply a three part "pain standard" when a claimant attempts to

establish disability through his or her own testimony of pain or other subjective symptoms.

> The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain. A claimant may establish that her pain is disabling through objective medical evidence that an underlying medical condition exists that could reasonably be expected to produce the pain.

20 C.F.R. S 404.1529 provides that once such an impairment is established, all evidence about the intensity, persistence, and functionally limiting effects of pain or other symptoms must be considered in addition to the medical signs and laboratory findings in deciding the issue of disability. Foote v. Chater, 67 F.3d 1553,1560-1561 (11th Cir. 1995).

A claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability. Holt v. Sullivan, supra at page 1223; Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir.1987). Where the claimant's testimony is critical, the fact finder must articulate specific reasons for questioning a claimant's credibility. "[D]isregard of such complaints without articulating the reason is inappropriate because it deprives the reviewing court of the ability to determine the validity of that action. When rejecting the credibility of a claimant's testimony, an ALJ must articulate the grounds for that decision." Caulder v. Bowen, 791 F.2d 872, 880 (11th Cir.1986).

The plaintiff takes exception with the ALJ's concluding that her earnings record reflected poor motivation to perform substantial gainful activity. Plaintiff states that the ALJ failed to give adequate reasons for rejecting her testimony, and that he failed to take into account that her earnings record reflected the likelihood that it more related to the fact that she is a 31 year old mother of three young children.

5

However, the ALJ was entitled to take the lack of earnings into consideration, along with other evidence in the record.  Allen v. Sullivan, 880 F.2d 1200, 1203 (11th Cir. 1989).

Additionally, the ALJ considered plaintiff's activities of daily living ( See 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3) (plaintiff's daily activities are relevant factors considered in evaluating subjective symptoms such as pain); Macia v. Bowen, 829 F.2d 1009, 1012 (11th Cir. 1987)).

Finally, the ALJ used the findings from plaintiff's consultative examinations with Dr. Lee and Dr. Gratton, both of whom assessed limitations on plaintiff's ability to perform work that were consistent with the ALJ's assessment of plaintiff's residual functional capacity.  (Tr. 27).

The Eleventh Circuit has declared that there is no requirement for an explicit finding as to credibility, as long as the implication is obvious to the reviewing court. Dyer v. Barnhart, 396 F.3d 1206, 1210 (11th cir. 2005).

> If a claimant testifies as to his subjective complaints of disabling pain and other symptoms, as Dyer did here, the ALJ must clearly "articulate explicit and adequate reasons" for discrediting the claimant's allegations of completely disabling symptoms. Foote, 67 F.3d at 1561-62. "Although this circuit does not require an explicit finding as to credibility, ... the implication must be obvious to the reviewing court." 67 F.3d at 1562 (quoting Tieniber v. Heckler, 720 F.2d 1251, 1255 (11th Cir.1983)). The credibility determination does not need to cite " 'particular phrases or formulations' " but it cannot merely be a broad rejection which is " 'not enough to enable [the district court or this Court] to conclude that [the ALJ] considered her medical condition as a whole.' " Foote, 67 F.3d at 1561 (quoting Jamison v. Bowen, 814 F.2d 585, 588-90 (11th Cir.1987)).

Dyer, supra.

Here, the credibility determination is implicit, as the ALJ relied upon the reports of two physicians who gave assessments of plaintiff's physical and mental abilities to perform work.

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence, it is the ORDER of the undersigned that the Commissioner's decision be **AFFIRMED**

6

pursuant to Sentence Four of § 405 (g).


**SO ORDERED**, this 24th day of March, 2006.

                                              //S Richard L. Hodge
                                              RICHARD L. HODGE
                                              UNITED STATES MAGISTRATE JUDGE

msd